1.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Candelario Hernandez, | ) | No. CV-05-2887-PHX-NVW (LOA) |
| Plaintiff, | ) | **REPORT AND RECOMMENDATION** |
| vs. | ) | |
| Joseph Arpaio, | ) | |
| Defendant. | ) | |

This matter arises on Defendant's Motion to Set Aside Entry of Default to which Plaintiff has not responded. (Docket #13)

**BACKGROUND**

Plaintiff filed this action on September 21, 2005. (Docket #1) On March 1, 2006, the Court ordered service on Defendant Arpaio and ordered Plaintiff to file a completed service packet within twenty days of the date of that order. (Docket #3) Plaintiff complied with the Court's Order and on March 27, 2006, the Marshals Service sent a waiver of service request to Defendant. On March 31, 2006, the legal liaison at the Maricopa County Attorney's Office, an employee of the Defendant who was an authorized agent to accept service, signed the waiver. (Docket #5) On July 14, 2006, the Court ordered Plaintiff to show cause why this matter should not be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute based on Plaintiff's failure to take any action in this matter since filing his complaint, including moving for entry of default. (Docket #7) In response, on August 14, 2006, Plaintiff

requested that the Clerk enter default against Defendant. (Docket #9)  The Clerk of Court entered default on August 15, 2006. (Docket #12) Defendant now moves to set aside the entry of default. (Docket #13)

## ANALYSIS

Under Rule 55(c), Fed. R. Civ. P., an entry of default may be set aside upon a showing of good cause. In determining whether "good cause" exists the court considers three factors: (1) whether the defendant's culpable conduct led to the default; (2) whether the defendant has a meritorious defense; and (3) whether setting aside the entry of default would prejudice the plaintiff.  TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2001), *overruled on other grounds by* Egelhoff v. Egelhoff ex rel. Breiner, 532 U.S. 141 (2001). This "good cause" standard is applied less rigorously in a motion to set aside an entry of default under Rule 55(c) than it is on consideration of a motion to set aside a default judgment under Rule 60(b).  The Court will consider these factors below.

**I. Culpability**

"[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer."  Id. at 697 (emphasis in original). Intentional has been defined as "willful, deliberate, or evidence of bad faith." Id.  In this case, Defendant's conduct is not culpable because there is no evidence that Defendant willfully or deliberately failed to answer or any evidence of bad faith.  First, although the legal liaison at the Maricopa County Sheriff's Office received the complaint, Defendant claims that the complaint was not forwarded to the County Attorney's office for a response. (Docket #13, Exh. 1)  The record indicates that the Complaint was misplaced or lost after it was delivered to the legal liaison at the Maricopa County Sheriff's Office.  Defendant explains that the Maricopa County Sheriff's Office has a procedure in place for forwarding complaints to the County Attorney and in the 416 separate lawsuits that have been received by the Maricopa County Sheriff's Office this year, the instant action is the only one in which a default has been entered.  (Docket #13 at 4)  It appears that Defendant's failure to timely respond to the

complaint was simply the result of an administrative mistake which does not constitute culpable conduct.

**II. Whether Defendant Has a Meritorious Defense**

The Court will next consider whether Defendant has presented a meritorious defense to Plaintiff's claims. "A defendant seeking to vacate a default . . . must present specific facts that would constitute a defense," although "the burden on a party seeking to vacate a default . . . is not extraordinarily heavy." Id. at 700. Here, Defendant has a meritorious defense to the Plaintiff's complaint. Defendant first alleges, and Plaintiff admits, that Plaintiff did not exhaust his administrative remedies prior to filing the complaint, which is required by 42 U.S.C. § 1997e(a). Second, Defendant alleges that Plaintiff fails to state a claim under the Eighth Amendment because Plaintiff does not allege facts demonstrating an unnecessary and wanton infliction of pain, or actions lacking penological justification which resulted in a gratuitous infliction of suffering. Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Third, Defendant alleges that the harm that Plaintiff alleges, the fear of contracting surface transmitted diseases, a fear of serious infections, and weight loss due to nausea from a bleach smell during meals, is not substantial harm and that a failure to allege real and substantial harm is a meritorious defense. Defendant offers three potentially meritorious defenses, which weigh in favor of vacating the entry of default.

**III. Whether Setting Aside Default will Prejudice Plaintiff**

Finally, the Court will consider whether setting aside the entry of default will prejudice Plaintiff. To establish prejudice sufficient to defeat a motion to set aside entry of default, Plaintiff must show that his "ability to pursue his claim [has been] hindered." TCI Group Life Ins. Plan, 244 F.3d at 701. The sort of harm that is considered prejudicial includes the "loss of evidence, increased difficulties of discovery, or [a] greater opportunity for fraud or collusion." Thompson v. American Home Assur. Co., 95 F.3d 429, 433-34 (6th Cir. 1996). "[B]eing forced to litigate on the merits" is not prejudicial for purposes of setting aside the entry of default. TCI Group Life Ins. Plan, 244 F.3d at 701. Setting aside the entry of default in this case will not prejudice Plaintiff. Default was only recently entered and Defendant promptly

moved to set aside the entry of default. Setting aside default will merely allow this case to be considered on the merits.

Accordingly,

IT IS HEREBY RECOMMENDED that Defendant's Motion to Set Aside Entry of Default (Docket #13) be **GRANTED** and that the Clerk of Court set aside the entry of default.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See,* 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(e), Federal Rules of Civil Procedure. Thereafter, the parties have ten days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna- Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See*, Rule 72, Federal Rules of Civil Procedure.

DATED this 22nd day of September, 2006.

Lawrence O. Anderson
United States Magistrate Judge